*109 OPINION.
Tkussell :
From the record there appears to be no dispute as to the rate of 8½ per cent depreciation used by petitioner. We are of the opinion that the Commissioner was in error in using as a basis for computing depreciation the original cost of $2,200 plus additions. The sheriff’s sale of those assets to Foster for $2,200 in no wise determined their value, for it was a forced sale, Foster was the only bidder, and he bid only enough to cover claims against the property other than his own, which amounted to approximately $20,000. It might well be argued that the property in question cost Foster $22,200.
Immediately after petitioner acquired the property from Foster for 22 shares of stock, the board of directors determined that the value thereof was $12,000, which was entered upon the books in 1910 prior to the advent of Federal income tax. All three of those directors were thoroughly familiar with the property, its cost, the care it had received and its useful life, and they exercised their sound business judgment in arriving at a value of $12,000 in 1910. In view of all the facts and circumstances of record we have found as a fact that the actual cash value of the physical assets owned by petitioner in 1910 was $12,000. Petitioner’s 40 shares of capital stock were issued, 15 shares for cash at par, 3 shares for a lease to the premises occupied, and 22 shares for physical assets having an actual cash value of $12,000 at the time paid in. At the time o,f incorporation, petitioner had a paid-in surplus in the amount of $9,800, representing the actual cash value of the property paid in, in excess of the par value of the stock issued therefor, and petitioner properly included that amount in its capital account as a paid-in surplus. See Zenith Milling Co., 8 B. T. A. 1219, and Daily Pantagraph, Inc., 9 B. T. A. 1173. The March 1, 1913, value of petitioner’s physical assets was at least $23,366.54, the book value on that date computed on the basis of the cash value of $12,000 in 1910 when acquired, plus additions amounting to $17,184.83, depreciated at the rate of 8⅛ per cent per annum.
IJpon all the facts of record, respondent’s determination that petitioner’s physical assets had been completely depreciated on December 31,1918, is reversed and we are of the opinion that petitioner is entitled to deductions for depreciation in each of the years 1919, 1920, and 1921, computed upon the straight-line method at the rate of 8½ per cent per annum, upon the basis of the value of the physical assets when acquired in 1910, namely, $12,000, plus capital *110 additions acquired in 1911 at a cost of $15,934.83, and those acquired in 1912 at a cost of $1,250. Capital additions acquired subsequent to 1913 amounted to $319.94.

Judgment will be entered pursuant to Bule 50.